UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Richard Coleman

      v.　　　　　　　　　　　　　　　　　　　　Civil No. 10-cv-342-SM

The Florida Bar Association, et al

### O R D E R

　　　　The plaintiff, Richard Coleman, filed a Motion for Relief From Order (document no. 5), in which he objects to the court's order (document no. 3) limiting remote public access to certain documents attached to the plaintiff's complaint.  For the following reasons, the plaintiff's motion is DENIED.

　　　　The plaintiff filed the complaint in the above-captioned case on August 6, 2010.  Although the 2007 Advisory Committee Notes to Fed. R. Civ. P. 5.2 make clear that "[t]he clerk is not required to review documents filed with the court for compliance with this rule," clerk's office staff noticed that various exhibits contained protected personal identifiers listed in Fed. R. Civ. P. 5.2(a).  As a result, pursuant to Fed. R. Civ. P. 5.2(e)(2), the court *sua sponte* ordered that the documents containing those personal identifiers be restricted to prohibit a non-party from having remote access to those documents.  Because that order was fully authorized by Fed. R. Civ. P 5.2(a) and (e)(2), the motion for relief from that order is denied.

　　　　The court will, however, clarify the specifics of its prior order.  The prior order stated that non-party remote access to the "complaint" would be restricted.   In fact, the personal identifiers are not contained in the body of the complaint, but are instead contained in the following exhibits

to the complaint:  Exhibit B, E, H, K & N.  In fact, in effectuating the court's prior order, clerk's office staff restricted non-party remote access to those exhibits and did not restrict access to the complaint.  Thus, the court clarifies that non-party remote access restriction is limited to the exhibits listed above and not to the complaint itself.

Finally, the court notes that pursuant to Fed. R. Civ. P. 5.2(f), the filing party may elect to submit a redacted copy of an otherwise unredacted restricted document and that the redacted copy would contain no access restrictions.  Thus, if the plaintiff would like to submit redacted copies of the exhibits at issue for inclusion on the public docket, he may do so.

So ordered.


October 7, 2010                                         /s/ Daniel J. Lynch
                                                        Daniel J. Lynch
                                                        U.S. Magistrate Judge



cc:     Richard Coleman, pro se
        Jeffrey Blau, Esq.