# United States Court for the District of New Hampshire

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2011 MAY 19 P 3: 45

RICHARD COLEMAN,

        Plaintiff

        vs

THE FLORIDA BAR ASSOCIATION,
HENRY LEE PAUL, counsel,
JEFFREY BLAU, Attorney &
SAM PENDINO, Judge, and each individually

        Defendants

**Civil Case #10-cv-342-SM**

MOTION TO RECONSIDER

---

COMES NOW, the Plaintiff, RICHARD COLEMAN, *pro se*, to move this Court to Reconsider the Report and Recommendations submitted by the Magistrate Judge in this case, and cites the following in support thereof:

1.    It was immediately apparent from the tone and content of the Report and Recommendations, that the Magistrate Judge began his Report with the bias that the *pro se, in forma pauperis* litigant was inferior, second class, wrong, and therefore, the purpose of said "preliminary review" was to prove the predisposition valid. Even the fact that such "preliminary reviews" exist proves bias and discrimination against *pro se* and *in forma pauperis* litigants, in a system which, out of the other side of its mouth, guarantees each litigant "equal protection under the laws."

Is not the job of the Magistrate Judge to screen, to wit, disqualify *pro se* and *in forma pauperis* litigants? Is not the value of an attorney measured by his ability to "prove" right is wrong and wrong is right? Certainly, another Magistrate Judge, given a different set of biases or

incentives would have interpreted the Complaint differently and would have written a Report and Recommendation contrary to the one under consideration. This is to say that the tone of hubris, absoluteness and arrogance in the Report and Recommendation must should give one pause as to its motivation.

For example, it is instructive that as early as the top page 2 of his Report and Recommendations the Magistrate Judge defines his job as that of disqualifying *pro se* and *in forma pauperis* litigants, listing only those grounds upon which the Magistrate Judge may recommend dismissal,, to wit, "lacks subject matter jurisdiction," " the defendant is immune from relief sought," complaint fails to state a claim upon which relief may be sought, the allegation of poverty is untrue, or the action is frivolous or malicious."

Contrary to a fundamental credo in our judicial system, namely that a person must be presumed innocent until proven guilty, the Magistrate Judge starts from the bias that the *pro se* and *in forma pauperis* litigant is incompetent, wrong, and a pox on the judicial system who must be disqualified, rendering the Report and Recommendations under discussion, unconstitutional, biased, discriminatory, itself subject to 42 U.S.C. Section 1983 review, and therefore to be Set Aside.

2.   There are a number of factual inaccuracies and misstatements in the Report and Recommendation beginning on page 4 under "Background" where the Report wrongly states, "The claims here arise out of events occurring in Florida between prior (sic) to 2006." the syntactical error aside, the initial events occurred in 2001-02, but the actual events related to the Complaint at bar occurred in 2008-2010.

3.   The Report's discussion of the Brandon Academy matter, misleads the reader, deliberately or not, by omitting those events most illustrative of the Plaintiff's case of malpractice against attorney Blau, namely that Blau wilfully and fraudulently left the name of the defendant Headmistress of the Defendant school off the list as a personal favor to her husband and Blau's "close personal friend" and opposing counsel, that Blau withdrew, but months later, without his client's knowledge consent, signed a Dismissal of the case, after misinforming his client that the

attorney Blau had picked as his replacement, had not agreed to take the case, and who at that time, was illegally practicing law while under suspension by the Florida Bar!

This is the kind of biased selection of information that characterized the Report, making the Report suspect and grounds for setting it aside.

4.     Under the same heading "Brandon Academy" the Report again misstates facts so as to cast Attorney Blau in the most favorable light, to wit, the Report (p6) states " No notice of a substitution of counsel appears to have been filed in the case ...Blau and the school defendants entered into a stipulation of dismissal without prejudice ..."

What the Report should have said was that no notice was filed because the attorney Blau had recommend ed to his client was, at that time, suspended by the Florida Bar, and therefore, did not want his name to appear on a notice of appearance.

By the same strategic cover-up, the Report's reference to the "stipulation of dismissal" fails to tell the whole truth, namely that Blau signed the "stipulation of dismissal" of his client's case, without his client's knowledge, or consent, as a favor to the opposing side!

5.     The Report (p7) wilfully misleads the reader into believing that the Plaintiff's case at bar against Florida Judge Pendino to be frivolous and without merit, citing the Florida Bar's earlier response to the Plaintiff's complaint against the Judge as a "disagreement over the Judge's rulings." Again, the Report demeans and discredits the *pro se* and *in forma pauperis* litigant at every turn while defending its own – other lawyers and judges – with even more zeal. In truth, the plaintiff alleged that Judge Pendino refused to allow the Plaintiff to schedule a hearing for the three months Attorney Blau was under 90-day suspension by the Florida Bar. Furthermore, of course the  Florida Bar would rush to defend one of its own –  Judge Pendino against a *pro se* plaintiff. The judge who drafted this Report and Recommendation has done the same throughout his Report.

6.     This pro-attorney/pro judge and anti- *pro se* /anti -*in forma pauperis* bias of the Judge who drafted this Report and Recommendation is best evidenced in the Report's attempt to white-

3

wash Attorney Blau's criminal/drug/psychiatric history. For example, the Report and Recommendations tries to minimize Blau's emotional instability, his history of bizarre behavior, and the compelling evidence that Blau is unfit to practice law, by emphasizing that "almost fifteen years" lapsed between his first suspension in 1994, and his second arrest in 2005. Instead of the glossing over Blau's history, why had the judge writing the Report and Recommendations failed to account for the likelihood that Blau's problems had been on-going for at least 15 years, that Blau had managed to only get caught twice over that same 15 years, and that it is likely that the erratic and bizarre behavior noted by his client, for example, Blau omitting as named-defendant the wife of his "close personal friend" and opposing counsel, Blau recommending an attorney to his client who was sharing Blau's office, having lost his own office due to being under suspension by the Florida Bar, and with whom Blau had neither discussed the case, nor agreed to take the case, Blau signing a dismissal of his client's case without his client's knowledge or consent, and Blau never once meeting face to face with his client over the entire four years he was representing him, the Report should reasoned, that these events may have made Blau the unfit lawyer, as his client and Plaintiff in the malpractice suit had alleged.

7.   On page 12, the Report and Recommendations commits Plain Error by misstating, "Claims for damages cannot be maintained in federal court against unconsenting states and their agencies and officers, absent Congressional abrogation of the State's sovereign," thereby wrongly concluding that Judge Pendino is immune from prosecution in Federal Court under the provisions of the 11th Amendment.

Not so. In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court provided an important exception to the 11th Amendment sovereign immunity states enjoy referred to as the Stripping Doctrine, which in practice means "when an state officer (Judge Pendino) takes an unconstitutional action (denying the Plaintiff his 5th and 14th Amendment rights to prosecute his Complaint) Pendino, acted beyond the scope of his authority, as the State of Florida could not have authorised him to act unconstitutionally, therefore Pendino, acting outside his lawful profession, is no longer immune from Federal Court actions against him.

Secondly, by depriving the Plaintiff of his 5th and 14th Amendment rights to due process and

equal protections, to wit, denying the Plaintiff a hearing date for several months while Blau was suspended for 90 days from practicing law, and walking out of the Hearing room while the plaintiff was presenting his case, are but a few examples of Pendino's unconstitutional behavior which could not be construed as "official" behavior . Therefore Pendino,  acting in his individual capacity, loses his State's immunity and therefore can be sued in Federal Court for monetary damages.

Accordingly, the Report and Recommendations ruling to dismiss the Plaintiff's claim for damages against Judge Pendino, must itself be voided.

8.      On page 10, the Report wrongly stated that Item #2 was a claim asserted in the Complaint. It wasn't.  Then, why did the Report waste three full pages of the 24-page Report (13-15) of the Report defeating an issue which was never more than 4 lines in a sub-paragraph?  Perhaps the Magistrate Judge  had found a point he could win. A Pyrrhic victory at best in that  pages 13-15 should be stricken from the Report as an irrelevant distraction.

9.      On p.11 of the Report and Recommendations, in his apparent attempt to rescue one of his own, to wit, Judge Pendino, thereby forsaking a fair , just and competent Report and Recommendations , the Magistrate Judge wrongly stated, "Absolute judicial immunity protects judges from 'civil liability for any normal and routine judicial act, taken in the clear absence of all jurisdiction ...This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding or how malicious the motive.. Judges are likewise immune from suit for claims that the judge's act was the product of a corrupt conspiracy involving other parties or lawyers."

What country ? North Korea? Iran? Mississippi? In all other jurisdictions, and certainly in the Federal Courts, which is on point as to the case at bar, the  alleged acts of fraud and conspiracy to commit fraud by Judge Pendino, intentionally illicit acts by definition, so breached the bounds of judicial functions, thta Pendino is barred from a claim of immunity.

"The Supreme Court has taken a two-prong functional test to determine whether an act is "judicial" and therefore entitled to judicial immunity The first prong asks whether the function is

one "normally" performed by a judge, *Stump*, 435 U.S. at 362. (Excerpt from page 1997 WL 721830 (6th Cir. (Tenn.) (A) Letters to Prosecutors).

As to the case at bar, the answer is an unequivocal, "No!" Pendino fraudulently stonewalled the Plaintiff's due process requests for a Hearing on his Motions over three months in order to protect Blau while Blau was under 90-day suspension by the Florida Bar, only to then allow Blau to schedule a Hearing on his Summary Judgment Motion without concurring with the Plaintiff, are each acts of judicial conspiracy to commit fraud – not "normal judicial functions."

10.    Judge Pendino, who acknowledged the record in open Court that Blau had fraudulently failed to draft a previous Judge's Order unfavorable to Blau's Motion for Summary Judgement, nevertheless found against the Plaintiff due to an absence in the record of the prior Judge's same Order, thereby providing the Magistrate Judge with clear evidence of at least collusion, if not conspiracy between Pendino and Blau, either one of which constitutes behavior violating the bounds of judicial ethics and "normal judicial functions."

The second prong, requires the plaintiff to show that the judicial acts at issue violated the plaintiff's constitutional rights.

Pendino denied the Plaintiff his 5th and 14th Amendment rights to due process by refusing the Plaintiff's repeated requests over three months for a Hearing on the Plaintiff's Motions, while Attorney Blau was suspended from practicing law for 90 days, only to suddenly grant Blau a Hearing on his Third Summary Judgment Motion without concurring with the Plaintiff. Pendino also violated the Plaintiff's 5th and 14th Amendment rights to due process and equal protections by leaving the Hearing room during the Plaintiff's prosecution of the Plaintiff's Motions.

11.    In *Kalb v Luce*, 292 N.W.641, 234, WISC 509, the Court ruled that an "inferior judge who acts maliciously or corruptly may incur monetary liability.

Accordingly, the Report and Recommendation's claim that Judge Pendino is protected by "absolute judicial immunity, no matter how erroneous, how injurious or how malicious the motive," must be seen as grounds for voiding the Report and Recomendations.

6

12.     Next the Report turns its attention to Defendants Paul and the Florida Bar Association, by excusing Paul and the Florida Bar from any liability, by arguing that the Supreme Court of Florida has the ultimate authority in controlling the behavior and conduct of Florida lawyers by licensing and revoking licenses. The Report wrongly concludes the Complaint should have been forged against the Supreme Court of Florida, and not Paul nor the Florida Bar, knowing no such cause of action would have passed the scrutiny of the Report and Recommendations.

The Report then wrongly asserts that the Plaintiff's Complaint asserts a claim against Paul for issuing the initial licensure to Blau which is incorrect.

The Complaint alleges that by re-licensing Blau, after his second suspension in 2008, who Defendants Paul and the Florida Bar knew, or should have known, had a history of chronic drug abuse and drug arrests, who was emotionally unstable, and who was therefore, unlikely to deliver competent, responsible, and honest legal services to his clients, Paul and the Florida Bar put the Plaintiff at risk to be denied his Section 1983 Constitutional rights to competent representation, which is to say, deny the Plaintiff his due process and equal protections under the laws, rights which were "clearly established at the time of the alleged misconduct."

And, by continuing to license Blau, after the Plaintiff had filed a Complaint with Paul and the Florida Bar, in which the Plaintiff cited a specific list of Blau's repeated erratic acts of gross incompetence, gross negligence, improper representation, and fraud, defendants Paul and the Florida Bar put the Plaintiff at risk to be denied his Constitutional rights to competent representation, which is to say, to deny the Plaintiff his due process and equal protections under the laws, rights which were "clearly established at the time of the alleged misconduct."

By re-licensing Blau after his second arrest and suspension, and after the Plaintiff's charges of erratic behavior and grossly improper and fraudulent representation had been confirmed by Paul's and the Florida Bar's own investigation, by letting Blau off the hook for the third time, Paul and the Florida Bar put the Plaintiff at increased risk that his due process, and equal protections under the laws, rights would be further violated.

Because of the acts of Paul and the Florida Bar violated the Plaintiff's Constitutional guarantees to due process and equal protections, defendants Paul and the Florida Bar are barred from a claim of immunity.

For the same reason, Paul and the Florida Bar "shall be liable to the party injured in an action at law suit in equity" under 42 U.S.C. Section 1983.

Accordingly, the Report's assertion that the plaintiff lacks standing to compel Paul and the Florida Bar Association to "institute a disciplinary action" against Blau must be stricken, as rather than demanding disciplinary action against Blau, the Plaintiff Complaint asserts a failure of Paul and the Florida Bar to insure the Plaintiff's due process and equal protections to pursue his cause of action for relief as guaranteed by the US Constitution.

13.     Similarly, the Report recommends the Plaintiff's Complaint be dismissed for a lack of standing "challenging the Florida Bar's failure to seek revocation of Blau's license," when the Complaint simply asks that Paul and the Florida Bar do as they purport to do, protect the public so that litigants will be afforded their Constitutional due process rights to a fair trial.

14.     42 U.S.C. Section 1983 states: Every person under color of any statute, ordinance, regulation, custom,, or usage of any State or Territory, who subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights or privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law suit in equity ..."

The Report chooses to let "private person" Blau off Scot-free arguing that the Complaint's charges of fraud and conspiracy to commit fraud against Blau "rest upon speculative, conclusory allegations of fraud and a conspiracy to protect Blau that led to the judge scolding Coleman, scheduling hearings on dates favorable to Blau and electing to hear a motion to disqualify himself." (Judge Pendino)

By such an incompetent and blatantly false misrepresentation of the facts, the Magistrate Judge has characterized the Plaintiff's Complaint against Blau as being "speculative and conclusory" when those terms flatter the Magistrate' s Report.

In truth, rather than the allegations of fraud against Blau being "speculative" the Complaint lists the exact days over three months during which Judge Pendino denied the Plaintiff's requests to schedule a Hearing and how those 90 days coincided with Blau's 90 day

8

suspension. "Scheduling hearings on dates "favorable to Blau," the Magistrate calls it. If it feels like fraud, looks like fraud, and smells like fraud, its fraud, not as the Magistrate would have us believe "conclusory allegations."

At the Hearing in May, 2009, Pendino searched the file for the Order by a pervious Judge denying Blau's Motion for Summary Judgment. He became irritated he couldn't find it. The prior judge had instructed Blau to draft the Order, but because it was an Order denying Blau's Motion for Summary Judgement, Blau had violated the judge's instructions and finally admitted same to Judge Pendino in open Court. Judge Pendino found Blau in Contempt, ordered Blau to pay sanctions of $5,000, and threatened to report Blau to the Florida Bar for a formal reprimand, right? No, judge Pendino granted all Blau's Motions and denied all the Plaintiff's Motions. If it looks like a conspiracy  feels like a conspiracy, and smells like a conspiracy, it is a conspiracy to any reasonable and prudent person.

15.     The Report and Recommendations wrongly asserts that the Plaintiff's case must be dismissed as it is " time-barred by state laws in New Hampshire and Florida,  to wit, "Florida's statute of Limitations is two years for claims of legal malpractice and four years for fraud and New Hampshire's statute of limitations is three years for claims of fraud and legal malpractice."

The Magistrate Judge has confused the past case history of malpractice against Blau, 2002-2006, with the present Complaint of Fraud and Conspiracy to commit Fraud, which relates to events occurring in 2008 -2010.

Accordingly, the Report and Recommendation must be ruled incompetent on this point and as grounds for setting aside the Report.

**THEREFORE,** for all the reasons and evidence cited above, the  Plaintiff asks this court to Reconsider the Report and Recommendations, to wit, setting it aside, thereby allowing the cause of justice to prevail by ordering that the Complaint  move forward.

Respectfully Submitted,

Richard The Plaintiff, *pro se*

70 Mast Rd. B2

Lee, NH 03861

(603) 292-6552

Date 5/1Y/11

## Certificate of Service

I hereby Certify that a true and exact copy of this Motion has been sent to Jeffrey Blau,% Davis Island Law, 213 E. Davis Blvd.,Tampa, FL 33606, The Florida Bar Association, 651 E Jefferson St. Tallahassee, Florida 32399,  Henry Paul, The Florida Bar Counsel, 5521 West Spruce St. Suite C-49, Tampa, FL 33607-5958,  Judge Sam Pendino, Hillsborough County Courthouse, 800 E. Twiggs Street, Room 525, Tampa, Florida 33602, this the ___ day of May 2010.

Richard Coleman Plaintiff, *pro se*

10